# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| LORI SCHWARTZ, *on behalf of herself and all others similarly situated,* ) ) ) | No. 2:14-mn-00001-DCN |
| Plaintiff, ) ) ) | No. 2:14-cv-00556-DCN |
| vs. ) ) | |
| PELLA CORPORATION, ) ) | **ORDER** |
| Defendant. ) ) | |

This matter is before the court on a motion to dismiss brought by defendant Pella Corporation ("Pella"). For the reasons set forth below, the court dismisses Schwartz's breach of implied warranty claims; MUDTPA and MUTPA claims to the extent they seek monetary recovery; fraud-based claims to the extent they rely on affirmative misrepresentations; unjust enrichment claim with regard to the 2004 windows; and declaratory relief claim.

## I. BACKGROUND

In 2004 and 2008, plaintiff Lori Schwartz ("Schwartz") purchased Pella Architect and Designer Series windows to replace older windows in her home. Compl. ¶ 29. Schwartz alleges that the windows she purchased were defective because they allowed water to penetrate the area behind the aluminum cladding, causing condensation, wood rot, leaks, and other failures. Id. ¶ 30. Schwartz contacted Pella when she noticed the defect, and Pella informed her that the damage was the result of excessive moisture in her home. Id. ¶ 32. Schwartz took steps to address the moisture issue, but condensation

1

continued to appear on her Pella windows in amounts greater than on any other windows in the house. Id.

Schwartz alleges that the windows suffer from defects in the "design of the sill extrusion and sill nailing fin attachment as well as a defect in the design of allowing a gap between the jamb gasket and the sill gasket." Id. ¶ 43. Schwartz alleges that due to these design defects, water leaks through the windows and can become trapped between the aluminum and the operable wood frame causing damage to the windows and "other property within the home." Id. Schwartz further alleges that Pella knew of the defect when it shipped the windows. Id. ¶ 28.

On January 3, 2014, Schwartz filed a class action complaint against Pella in the United States District Court for the District of Minnesota, alleging jurisdiction based on diversity of citizenship. The complaint brings the following thirteen causes of action: (1) negligence; (2) breach of implied warranty of merchantability; (3) breach of the implied warranty of fitness for a particular purpose; (4) breach of express warranty; (5) violation of the Minnesota Consumer Fraud Act ("MCFA"); (6) violation of the Minnesota Uniform Deceptive Trade Practices Act ("MUDTPA"); (7) violation of the Minnesota Unlawful Trade Practices Act ("MUTPA"); (8) violation of Minn. Stat. § 325G.19; (9) fraudulent misrepresentation; (10) fraudulent concealment; (11) unjust enrichment; (12) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, et seq.; and (13) declaratory relief.

Pella filed the instant motion to dismiss on February 17, 2014. Schwartz opposed the motion on April 9, 2014, and Pella replied on May 5, 2014. On February 28, 2014, the United States Judicial Panel on Multidistrict Litigation transferred Schwartz's case to

this court as part of the consolidated multidistrict litigation. Pella's motion to dismiss has been fully briefed and is ripe for the court's review.

## II.   STANDARDS

### A.   Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### B.   Applicable Law

This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. Shady Grove

3

Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1448 (2010) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965)). "In multidistrict litigation, the law of the transferee circuit governs questions of federal law." In re KBR, Inc., 736 F. Supp. 2d 954, 957 (D. Md. 2010) modified on reh'g sub nom. In re KBR, Inc., Burn Pit Litig., 925 F. Supp. 2d 752 (D. Md. 2013) vacated and remanded on other grounds, 744 F.3d 326 (4th Cir. 2014); see also In re Gen. Am. Life Ins. Co. Sales Practices Litig., 391 F.3d 907, 911 (8th Cir. 2004); Menowitz v. Brown, 991 F.2d 36, 40 (2d Cir. 1993); In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1176 (D.C. Cir. 1987); cf. Bradley v. United States, 161 F.3d 777, 782 n.4 (4th Cir. 1998) (applying Fourth Circuit law to questions of federal law in a case transferred from the Fifth Circuit). Therefore, this court must apply Minnesota substantive law and Fourth Circuit procedural law.

## III.  DISCUSSION

Pella asserts that the following claims should be dismissed: breach of implied warranties of merchantability and fitness for a particular purpose; violation of the MCFA; violation of the MUDTPA; violation of the MUTPA; fraudulent misrepresentation; fraudulent concealment; unjust enrichment; and declaratory relief. Pella also seeks dismissal of the claim for money damages in Schwartz's MUDTPA and MUTPA claims. The court will then consider each of Pella's arguments in turn.

### A.    Counts II & III – Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose

Pella first asserts that Schwartz's breach of implied warranty claims should be dismissed because they are time-barred. Def.'s Mot. 20. Schwartz argues that the statute of limitations has been tolled by equitable estoppel and class action tolling. Pl.'s Resp. 6, 8.

Under Minnesota law, breach of warranty claims are subject to a four-year statute of limitations. Minn. Stat. § 336.2-725(1). The statute of limitations accrues upon delivery unless the warranty "explicitly extends to future performance of the goods . . . ." Id. § 336.2-725(2). "Implied warranties cannot, by their very nature, explicitly extend to future performance." Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 879 (8th Cir. 2000) (applying Minnesota law). Because the windows were delivered in 2004 and 2008, the statute of limitations had run by the end of 2012. Therefore, unless one of the two tolling doctrines advanced by Schwartz applies, her implied warranty claims are time-barred. The court will consider equitable estoppel and class action tolling in turn.

1.     **Equitable Estoppel**

Schwartz argues that the statute of limitations was equitably tolled because Pella knew of the defects in the windows and concealed them from the owners. Compl. ¶ 59-60.

To establish fraudulent concealment, a plaintiff must plead that "there was an affirmative act or statement which concealed a potential cause of action, that the statement was known to be false or was made in reckless disregard of its truth or falsity, and that the concealment could not have been discovered by reasonable diligence." Drobnak v. Andersen Corp., 561 F.3d 778, 786 (8th Cir. 2009) (citing Haberle v. Buchwald, 480 N.W.2d 351, 357 (Minn. Ct. App. 1992)). Minnesota law requires "something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action . . . . Although mere silence or failure to disclose may not in itself constitute fraudulent concealment, any statement, word, or act which tends to

5

the suppression of the truth renders the concealment fraudulent." Wild v. Rarig, 234 N.W.2d 775, 795 (Minn. 1975). "Even in an arm's-length transaction, however, misleading partial disclosures may constitute affirmative fraud and fraudulent concealment." Drobnak, 561 F.3d at 786.

Schwartz argues that Minnesota law does not require an affirmative act but rather allows a fraudulent concealment claim when a party simply remained silent. Pl.'s Resp. 7. However, that argument seems to be against the great weight of Minnesota authority. See, e.g., Kichler v. Wells Fargo Bank, N.A., 2013 WL 4050204, at *5 (D. Minn. Aug. 9, 2013) ("In the absence of a fiduciary relationship, however, the plaintiff must show something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." (internal quotation marks and citation omitted)); Williamson v. Prasciunas, 661 N.W.2d 645, 650 (Minn. Ct. App. 2003) ("To establish fraudulent concealment, a plaintiff must prove there was an affirmative act or statement which concealed a potential cause of action." (quoting Haberle v. Buchwald, 480 N.W.2d 351, 357 (Minn. Ct. App. 1992)). Indeed, the Minnesota Supreme Court recently confirmed that "Minnesota follows the majority rule that 'the statute of limitations does not run during the time that the defendant fraudulently conceals from the plaintiff the facts constituting the cause of action,' and that '[a]ny concealment <u>by positive affirmative act and not mere silence</u> is itself fraudulent so as to prevent the statute from running.'" Minn. Laborers Health & Welfare Fund v. Granite Re, Inc., 844 N.W.2d 509, 514 (Minn. 2014) (quoting Twp. of Normania v. Cnty. of Yellow Medicine, 286 N.W. 881, 884 (1939)) (emphasis added).

Because fraudulent concealment invokes fraud, the heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply. Great Plains Trust Co. v. Union Pac. R. Co., 492 F.3d 986, 995 (8th Cir. 2007); JJ Holand Ltd. v. Fredrikson & Byron, P.A., 2013 WL 3716948, at *5 (D. Minn. July 12, 2013). As discussed in more detail below, Schwartz fails to plead any affirmative act on the part of Pella with the particularity required by Rule 9(b). Therefore, the statute of limitations applicable to Schwartz's implied warranty claims is not equitably tolled.

### 2.    Class Action Tolling

Schwartz also contends that the filing of a previous class action in federal court in the Northern District of Illinois, Saltzman v. Pella, tolled the statutes of limitation for his claims. Pl.'s Resp. 8.

The doctrine of class action tolling was first announced in American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974). In American Pipe, the Supreme Court held that an applicable statute of limitations is tolled during the pendency of a class action for putative class members who intervene after the denial of class certification – at least where certification is denied for failure to meet the numerosity requirement of Federal Rule of Civil Procedure 23. Id. at 552-53; see also id. at 554 ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). The Supreme Court has extended the American Pipe rule to purported members of the class who later file individual suits rather than intervene. Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350 (1983).

American Pipe tolling, however, applies only to a "subsequently filed federal question action" "during the pendency of a federal class action." Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999) (citing American Pipe, 414 U.S. at 552-53); see also Vincent v. Money Store, 915 F. Supp. 2d 553, 560-61 (S.D.N.Y. 2013) ("The American Pipe case concerned the tolling of claims under a federal statute, the Sherman Act. It did not purport to announce a rule that would apply to state law claims. . . . The plaintiffs cannot rely on American Pipe to toll the statutes of limitations for their state law claims. The plaintiffs must look to any state analogue to American Pipe tolling rather than American Pipe itself.").

The court must determine whether Minnesota law would toll the statutes of limitations during the pendency of the Saltzman federal class action. More precisely, this case deals with what has been termed "cross-jurisdictional" class action tolling – that is, equitable tolling during the pendency of a class action in another court, in this case a federal court in Illinois. See Wade, 182 F.3d at 287 (defining cross-jurisdictional class action tolling). Schwartz cites no Minnesota authority indicating that its courts have adopted regular class action tolling, much less cross-jurisdictional tolling, and she conceded at oral argument that nothing in Minnesota law allows cross-jurisdictional tolling. Moreover, the court has also been unable to find any authority for cross-jurisdictional tolling.

The Fourth Circuit has been reluctant to read cross-jurisdictional tolling into state law where it is otherwise silent. Wade, 182 F.3d 281, 287 (4th Cir. 1999) (applying Virginia law); see also Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1025 (9th Cir. 2008) (declining to import a cross-jurisdictional tolling rule into California law, which

8

otherwise does not have such a rule, and finding that "[t]he rule of American Pipe – which allows tolling within the federal court system in federal question class actions – does not mandate cross-jurisdictional tolling as a matter of state procedure"); Soward, 814 F. Supp. 2d at 281 (holding that New York would not apply cross-jurisdictional tolling and noting that the "few states that have considered the issue have been split in both their acceptance of cross-jurisdictional tolling and the rationale for their decision").

In short, there is no indication that Minnesota recognizes cross-jurisdictional class action tolling and the court declines to establish such a rule in the first instance. See St. Paul Fire & Marine Ins. Co. v. Jacobson, 48 F.3d 778, 783 (4th Cir. 1995) ("[T]he federal courts in diversity cases, whose function it is to ascertain and apply the law of a State as it exists, should not create or expand that State's public policy."). Therefore, the statute of limitations for Schwartz's implied warranty claims are not tolled by class action tolling.

Because neither equitable tolling nor class action tolling toll the statute of limitations, the court dismisses Schwartz's implied warranty claims as time-barred.

### B.   Counts V, VI, VII, IX & X – MCFA, MUDTPA, MUTPA, Fraudulent Misrepresentation, and Fraudulent Concealment

Pella argues that Schwartz's fraud-based claims – violation of the MCFA, MUDTPA, and MUTPA; fraudulent misrepresentation; and fraudulent concealment – should be dismissed because they fail to plead fraud with the particularity required by Rule 9(b).[1]  Def.'s Mot. 7-9.

---

[1] Pella also argues that Schwartz's MUDTPA and MUTPA claims should be dismissed to the extent that the relief sought for those claims is actual damages. Def.'s Mot. 12. This is based on the fact that the sole statutory remedy available under the MUDTPA and MUTPA is injunctive relief. Mid-List Press v. Nora, 275 F. Supp. 2d 997, 1003 (D. Minn. 2003); Johnny's Inc. v. Njaka, 450 N.W.2d 166, 168 (Minn. App. 1990)

Rule 9(b) provides that a party alleging fraud "must state with particularity the circumstances constituting fraud." See Thunander v. Uponor, Inc., 887 F. Supp. 2d 850, 876 (D. Minn. 2012) (applying Rule 9(b) to MCFA, MUTPA, and MUDTPA claims). Rule 9(b) ensures that defendants have adequate notice of the conduct complained of, protects them from frivolous suits, eliminates fraud actions in which all the facts are learned after discovery, and protects defendants from harm to their goodwill and reputation. Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (citation omitted). In order to satisfy Rule 9(b), the complaint must allege the "who, what, when, where and how of the alleged fraud," U.S. ex rel. Ahumada v. NISH, 756 F.3d 268, 280 (4th Cir. 2014), or the "first paragraph of any newspaper story." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007); see also U.S. ex rel. Elms v. Accenture LLP, 341 F. App'x 869, 872 (4th Cir. 2009) (holding Rule 9(b) requires a plaintiff to allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby").

However, many courts have recognized the difficulty of applying Rule 9(b)'s particularity requirement to fraudulent concealment or omission claims, and have instead applied a relaxed, less formulaic version of the rule. See, e.g., Ademiluyi v. PennyMac Mortgage Inv. Trust Holdings I, LLC, 929 F. Supp. 2d 502, 533 (D. Md. 2013) (holding that Rule 9(b) is "less strictly applied" with respect to claims of fraud by omission of

---

(finding that injunctive relief is the statutory remedy for unlawful or deceptive trade practices). Schwartz does not dispute this assertion. Pl.'s Resp. 20. Therefore, the court dismisses Schwartz's MUDTPA and MUTPA claims to the extent they seek monetary recovery.

material facts, because "an omission cannot be described in terms of the time, place, and contents of the misrepresentation or the identity of the person making the misrepresentation"); Carideo v. Dell, Inc., 706 F. Supp. 2d 1122, 1133 (W.D. Wash. 2010) ("The Rule 9(b) standard is relaxed in fraudulent omission cases" because in such cases, "a plaintiff will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim." (internal quotation marks omitted)); In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig., 684 F. Supp. 2d 942, 961 (N.D. Ohio 2009) ("Requiring a plaintiff to identify (or suffer dismissal) the precise time, place, and content of an event that (by definition) did not occur would effectively gut state laws prohibiting fraud-by-omission."); Bonfield v. AAMCO Transmissions, Inc., 708 F. Supp. 867, 875 (N.D. Ill. 1989) ("Like Sherlock Holmes' dog that did not bark in the night, an actionable omission obviously cannot be particularized as to the time, place, and contents of the false representations or the identity of the person making the misrepresentation." (internal quotation marks omitted)).

Although the Fourth Circuit has not adopted this relaxed Rule 9(b) standard, a relaxed standard comports with the Fourth Circuit's instruction that "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). Additionally, the court finds the reasoning supporting a relaxed standard persuasive and therefore will apply it to Schwartz's fraud claims to the extent they assert fraudulent omissions or concealment.

To the extent Schwartz's fraud claims are based on affirmative misrepresentations, the complaint is completely lacking in detail as to who made the misrepresentations, when they were made, or where they were made. Therefore, the complaint fails to plead with particularity any fraudulent misrepresentation.

Whether Schwartz's allegation of fraudulent omission satisfies the relaxed Rule 9(b) standard is a closer question. Schwartz's complaint is not overly-detailed, but, as described above, the nature of a fraudulent omission makes it difficult to plead with detail. In a case with similar facts, a Maryland district held that the plaintiffs had properly pled fraudulent concealment with particularity where they alleged: that the defendant was aware of a product defect and how the defendant became aware of the defect; that the defendant concealed the defect from the plaintiffs; and that the plaintiffs would have taken different actions had they known about the defect. Doll v. Ford Motor Co., 814 F. Supp. 2d 526, 538-39 (D. Md. 2011); see also Whirlpool Corp., 684 F. Supp. 2d at 961 ("Thus, the Plaintiffs' fraud-by-omission claims notify [the defendant] of the time (never), place (nowhere), and content (nothing) of the alleged misrepresentations, the Plaintiffs' alleged reliance (materiality), the fraudulent scheme (Whirlpool's knowledge of the supposed defects and problems), its fraudulent intent (failure to disclose them), and the resulting injury (overpayment).").

Since Schwartz has pled facts similar to those alleged in Doll – that Pella was aware of a defect, concealed the defect from consumers, and plaintiffs would have taken different action had they known about the defect – the court denies Pella's motion to dismiss Schwartz's fraud-based claims to the extent they are based on fraudulent omissions.

### D.     Count XI – Unjust Enrichment

Pella argues that Schwartz's unjust enrichment claim is precluded by the existence of the limited warranty.  Def.'s Mot. 10.  Pella also argues that Schwartz's unjust enrichment claim for her 2004 windows is time-barred.  Id. at 11.

#### 1.     Existence of Contract

Under Minnesota law, an unjust enrichment claim requires a showing that "another party knowingly received something of value to which he was not entitled, and that the circumstances are such that it would be unjust for that person to retain the benefit."  Schumacher v. Schumacher, 627 N.W.2d 725, 729 (Minn. Ct. App. 2001).  A claim for unjust enrichment does not apply "where the rights of the parties are governed by a valid contract."  M.M. Silta, Inc. v. Cleveland Cliffs, Inc., 616 F.3d 872, 880 (8th Cir. 2010) (quoting U.S. Fire Ins. Co. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (Minn. 1981)) (emphasis added).

Schwartz alleges that the limited warranty is void because it is unconscionable and fails its essential purpose.  Compl. ¶¶ 47-50.  Because Schwartz disputes the validity of the limited warranty, dismissal of Schwartz's unjust enrichment claim based on the existence of the limited warranty is not proper at this time.  See Clark v. Aaron's, Inc., 914 F. Supp. 2d 1301, 1310 (N.D. Ga. 2012) (refusing to dismiss unjust enrichment claim where the plaintiff disputed the validity of the contract at issue by alleging that it was void as unconscionable).

#### 2.     Statute of Limitations

Under Minnesota law, the statute of limitations for unjust enrichment claims is six years.  Minn. Stat. § 541.05, subd. 1(1); Jacobson v. Bd. of Trs. of the Teachers Ret.

13

Ass'n, 627 N.W.2d 106, 110 (Minn. Ct. App. 2001). A statutory limitation period begins to run when "the cause of action accrues." Minn. Stat. § 541.01. "A cause of action accrues when all of its elements exist to the extent that the claim could withstand a motion to dismiss for failure to state a claim upon which relief can be granted." Noske v. Friedberg, 656 N.W.2d 409, 412 (Minn. Ct. App. 2003). Minnesota courts have explicitly rejected the application of the discovery rule to unjust enrichment claims. Cordes v. Holt & Anderson, Ltd., 2009 WL 2016613, at *2 (Minn. Ct. App. July 14, 2009) (holding that claim for unjust enrichment accrued when plaintiff overpaid defendant and not when she discovered that she had overpaid).

With regard to the 2004 windows, any unjust enrichment cause of action accrued when Schwartz paid Pella for allegedly defective windows. When she bought the windows and paid Pella, all the elements of an unjust enrichment claim were present. As discussed above, neither fraudulent concealment nor class action tolling tolled the statute of limitations. Therefore, the statute of limitations with regard to the 2004 windows ran in 2010, well before Schwartz filed suit. Accordingly, the court dismisses the unjust enrichment claim regarding the 2004 windows.

### E.     Count XIII – Declaratory Relief

Pella argues that Schwartz's claim for declaratory relief fails because it lacks a substantive foundation and because she has an adequate remedy at law. Def.'s Mot. 12.

The Declaratory Judgment Act states that

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C.A. § 2201.  The Declaratory Judgment Act is intended to help parties resolve legal disputes before either party can seek or has sought a coercive remedy through the courts.  10B Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 2751 (3d ed. 1998).  Courts have "long recognized the discretion afforded to district courts in determining whether to render declaratory relief."  Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 421-22 (4th Cir. 1998).

Declaratory relief is inappropriate at this stage, as the merits of Schwartz's substantive claims have not been adjudicated.  See Kennedy v. MI Windows & Doors, Inc., No. 2:12-cv-2305, 2013 WL 267853, at *6 (D.S.C. Jan. 24, 2013); F.D.I.C. v. OneBeacon Midwest Ins. Co., 883 F. Supp. 2d 754, 761-62 (N.D. Ill. 2012) (dismissing a declaratory relief claim that raised the same issue as a substantive legal claim already before the court); Vill. of Sugar Grove v. F.D.I.C., 2011 WL 3876935, at *9 (N.D. Ill. Sept. 1, 2011) ("We have discretion to decline to hear a declaratory judgment action and courts have exercised that discretion where a plaintiff seeks a declaratory judgment that substantially overlaps it substantive claims") (internal citations omitted); Monster Daddy LLC v. Monster Cable Prods., Inc., No. 6:10-cv-1170, 2010 WL 4853661, at *6 (D.S.C. Nov. 23, 2011) (dismissing three declaratory relief counterclaims because they "raise the same legal issues that are already before the court").

Therefore, the court dismisses Schwartz's claim for declaratory relief.

## IV.   CONCLUSION

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** Pella's motion and **DISMISSES WITHOUT PREJUDICE** Schwartz's breach of implied warranty claims; MUDTPA and MUTPA claims to the extent they seek monetary recovery; MCFA, MUDTPA, MUTPA, fraudulent misrepresentation, and fraudulent concealment claims to the extent they rely on affirmative misrepresentations; unjust enrichment claim with regard to the 2004 windows; and declaratory relief claim.

**AND IT IS SO ORDERED**.

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

December 18, 2014
Charleston, South Carolina